**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **11-07525-dd**
Adversary Proceeding Number: **13-80002-dd**

### ORDER ON MOTIONS TO DISMISS ADVERSARY PROCEEDING

The relief set forth on the following pages, for a total of 13 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/25/2013**



Entered: 09/25/2013

/s/ David R. Duncan

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Ronald Jefferson Davis, Jr.,<br><br>                                                   Debtor. | C/A No. 11-07525-dd<br><br>Adv. Pro. No. 13-80002-dd<br><br>Chapter 7 |
| Ronald Jefferson Davis, Jr.,<br><br>                                                   Plaintiff,<br><br>v.<br><br>Michael P. Kohler; Charles B. Lee; Miller & Martin, PLLC; Louis R. Cohan; Cohan Law Group, LLC; Andrew T. Taylor, Jr.; and Naomi A. Taylor,<br><br>                                                   Defendants. | **ORDER ON MOTIONS TO DISMISS** |

This matter is before the Court on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012, to dismiss filed by defendants Michael P. Kohler, Charles B. Lee, and Miller & Martin, PLLC (collectively, referred to herein as the "Miller & Martin defendants") on February 4, 2013. Also before the Court is a motion to dismiss under Rule 12(b)(6) filed by defendants Louis R. Cohan; Cohan Law Group, LLC; Andrew T. Taylor, Jr.; and Naomi A. Taylor (collectively, referred to herein as the "Cohan defendants") on February 4, 2013. The plaintiff, Ronald Jefferson Davis, Jr. ("Davis" or "Plaintiff"), responded in opposition, and the Miller & Martin defendants submitted a reply. The Court held a hearing on September 10, 2013. After careful consideration of the applicable law and arguments of counsel, the Court finds as follows with respect to the motions to dismiss before it.

2

## FACTS

Davis, who is a licensed attorney in Georgia and proceeding *pro se* in this matter, filed this adversary proceeding on January 3, 2013, in which he alleges three causes of action: violation of the automatic stay, conspiracy, and attorney fees. Davis and the Taylors were defendants in an action brought by the Federal Deposit Insurance Corporation, as receiver for Georgian Bank, to collect on certain guarantees they purportedly signed ("FDIC-R action"). Miller & Martin represented the Federal Deposit Insurance Corporation ("FDIC") in the FDIC-R action. Kohler and Lee are attorneys at Miller & Martin and represented the FDIC in the FDIC-R action. Louis R. Cohan and the Cohan Law Group, LLC represented the Taylors in the FDIC-R action and in an action the Taylors brought against Davis in state court in Cobb County, Georgia ("Cobb County action"). Cohan and the Cohan Law Group also represented the Taylors in an adversary proceeding the Taylors brought against Davis in which this Court found that Davis owes the Taylors a debt that is nondischargeable. *See Taylor v. Davis* (*In re Davis*), 494 B.R. 842 (Bankr. D.S.C. 2013).

The Taylors were dismissed from the FDIC-R action on November 28, 2011. Plaintiff filed a petition under chapter 7 of the Bankruptcy Code on December 5, 2011, at approximately 5:00 p.m. Compl. ¶ 31. Plaintiff alleges that the Miller & Martin defendants filed a motion for summary judgment against him and others in the FDIC-R action between 6:30 p.m. and 6:54 p.m. on December 5, 2011. *Id.* ¶ 33. Plaintiff, on December 7, 2011, allegedly mailed notice of his bankruptcy filing to Kohler and Cohan via first class United States mail. *Id.* ¶ 35. Plaintiff, "upon information and belief," alleges Cohan and Kohler received notice of his bankruptcy filing on December 8th or 9th of 2011. *Id.* ¶¶ 38, 39. He also asserts, "upon information and belief, on either December 8th, 2011 or December 9th, 2011, Cohan, as a member of the [Cohan Law

3

Group] (*acting on behalf of Andrew Taylor and Naomi Taylor*), notified Kohler of Plaintiff[']s bankruptcy filing." *Id.* ¶ 40. Plaintiff further alleges, "upon information and belief, Cohan conspired with and advised Kohler to amend the FDIC-R's complaint to allege non-dischargeable fraud claims against Plaintiff." *Id.* ¶ 41. On December 9, 2011, the Miller & Martin defendants allegedly filed a motion to amend the complaint in the FDIC-R action to allege a cause of action for fraud. *Id.* ¶ 42. The Miller & Martin defendants withdrew the motion to amend the complaint as to Plaintiff on February 6, 2012. *Id.* ¶ 50. The Miller & Martin defendants also sought to amend the complaint in the FDIC-R action to assert a fraud claim against 1842 Capital, LLC, which is a single member limited liability company formed by Plaintiff. *Id.* ¶ 51. Plaintiff asserts "there is no reasonable purpose, other than to harass and threaten Plaintiff, for the FDIC-R to continue litigation against 1842 Capital, LLC given the entity has no assets."[1] *Id.* ¶ 53. Plaintiff alleges the Miller & Martin defendants have made "numerous other filings in the FDIC-R Action in violation of the bankruptcy stay." *Id.* ¶ 55. He also asserts that the Cohan defendants "have made numerous filing[s] in both the FDIC-R Action and the Cobb [County action] in violation of the bankruptcy stay" but does not refer to any specific filings. *Id.* ¶ 56. With respect to the Cohan defendants, Plaintiff alleges, "upon information and belief," that they interfered with settlement discussions he had with the FDIC. *Id.* ¶ 59. Plaintiff seeks over $6 million in damages.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2), made applicable by Federal Rule of Bankruptcy Procedure 7008, provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "The purpose of a Rule 12(b)(6) motion is to test

---

[1] This Court previously denied a motion filed by Plaintiff in his bankruptcy case seeking to extend the automatic stay to 1842 Capital, LLC. Case No. 11-07525-dd, docket # 101.

the sufficiency of a complaint." *Edwards v. City Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see also Harman v. Unisys Corp.*, 356 Fed. Appx. 638, 640 (4th Cir. 2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

5

## ANALYSIS

The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" various types of conduct described in 11 U.S.C. § 362(a). Among the types of conduct stayed is "the continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. §§ 362(a)(1) and (a)(6). Pursuant to section 362(k), "an individual injured by any willful violation of a stay provided by [section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." In order to recover under section 363(k), Plaintiff must prove "'(1) that a bankruptcy petition was filed, (2) that the debtors are "individuals" under the automatic stay provision, (3) that the creditors received notice of the petition, (4) that the creditors' actions were in willful violation of the stay, and (5) that the debtor suffered damages.'" *Weatherford v. Timmark* (*In re Weatherford*), 413 B.R. 273, 284 (Bankr. D.S.C. 2009) (quoting *In re Sammon*, 253 B.R. 672, 679-80 (Bankr. D.S.C. 2000)). Elements three and four overlap to some extent:

> A "willful violation" does not require specific intent to violate the automatic stay. Rather the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded."

*Id.* at 285 (quoting *In re Johnson*, No. 97-06698-W, 2001 WL 1806979, at *5 (Bankr. D.S.C. June 26, 2001)).

**A. Violation of the automatic stay**

*1. Miller & Martin defendants*

With respect to the Miller & Martin defendants, Plaintiff alleges he filed his bankruptcy petition on December 5, 2011; he mailed notice of his bankruptcy filing on December 7, 2011; and on December 9, 2011, the Miller & Martin defendants filed a motion to amend the complaint in the FDIC-R action to allege a cause of action for fraud. Based on these allegations, the Court finds that Plaintiff has sufficiently pleaded that a bankruptcy petition was filed, that he is an individual, that the Miller & Martin defendants had knowledge of the bankruptcy filing, and that the Miller & Martin defendants' acts were willful. Moreover, the acts in which the Miller & Martin defendants alleged engaged are proscribed by sections 362(a)(1) and (a)(6). Finally, the Court finds Plaintiff has plausibly pleaded damages as a result of the Miller & Martin defendants' alleged stay violation. The question of whether Plaintiff has met his burden of proof regarding his alleged damages or with respect to the cause of action generally is not before the Court.

Under 11 U.S.C. § 342(g)(2), "[a] monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) . . . unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief." Section 342(g)(1) provides that "[n]otice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor." Additionally, section 342(c)(1) states that "[i]f notice is required to be given by the debtor to a creditor under this title, any rule, any applicable law, or any order of the court, such notice shall contain the name, address, and last 4

digits of the taxpayer identification number of the debtor." The Miller & Martin defendants argue that Plaintiff's suggestion of bankruptcy was deficient because it did not contain the last four digits of Plaintiff's taxpayer identification number and that Plaintiff is, therefore, prohibited from recovering money damages under section 362(k). The Miller & Martin defendants cite *In re Tillett*, No. 09-19285, 2010 WL 1688016 (Bankr. E.D. Va. April 26, 2010), in support of this argument. However, *Tillett* is distinguishable from this case because in *Tillett* the debtor failed to mail notice of the commencement of her case to the address required by section 342(c)(2). In addition, section 342(c)(1) appears to be limited to notices given by a debtor. Consequently, notice the Court provides of a bankruptcy filing may be effective to make a creditor aware of the commencement of a case even if the notice does not comply with section 342(c)(1). Furthermore, section 342(g)(1) indicates that notice is effective once it is brought to the attention of a creditor even if the notice is deficient under section 342(c)(1). Therefore, the Court does not find dismissal based on Plaintiff's allegedly deficient notice to be appropriate at this time.

*2. Cohan defendants*

In contrast to the Miller & Martin defendants, Plaintiffs alleges no specific filings by the Cohan defendants in the FDIC-R action and Cobb County action that constitute violations of the automatic stay. Instead, Plaintiff simply alleges that "Cohan and [Cohan Law Group] (*on behalf of Andrew Taylor and Naomi Taylor*) have made numerous filing[s] in both the FDIC-R Action and the Cobb Superior Court Action in violation of the bankruptcy stay." Compl. ¶ 56. The allegation these filings constitute a violation of the automatic stay is a legal conclusion that the Court need not accept as true. The filing of a bankruptcy petition only stays the acts listed under section 362(a). Filing a document in another litigation only constitutes a violation of the automatic stay if the filing falls within one of the categories of acts proscribed by section 362(a).

The Cohan defendants asserted the lack of specificity in Plaintiff's complaint regarding what filings violated the automatic stay in their motion to dismiss. In his response to the motion, Plaintiff, who is a party to the FDIC-R action and Cobb County action, does not identify any specific filings by the Cohan defendants that serve as the basis for his allegations. At the hearing on the motion to dismiss, Plaintiff again could not identify specific filings that violated the automatic stay. Due to this lack of specificity, Plaintiff's complaint falls short of the pleading standard set forth in *Iqbal* and *Twombly*, as the Court is unable "to infer more than the mere possibility of misconduct" in Plaintiff's pleading that the Cohan defendants violated the automatic stay through filings in the FDIC-R action and Cobb County action. *Iqbal*, 556 U.S. at 679.

Plaintiff also alleges "upon information and belief," that the Cohan defendants violated the automatic stay by actively interfering with settlement discussions between him and the FDIC. The allegation that the Cohan defendants' interference with settlement discussions violated the automatic stay is a legal conclusion, not entitled to be accepted as true, and the filing of a bankruptcy petition only stays those acts set forth in section 362(a). The complaint contains no further details regarding how the Cohan defendants interfered with settlement discussions between Plaintiff and the FDIC. As a result, the Court is unable "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Finally, Plaintiff alleges the Cohan defendants violated the automatic stay by notifying the Miller & Martin defendants that he filed bankruptcy. It is not a violation of the automatic stay for one creditor's attorney to notify another creditor's attorney that a debtor has filed bankruptcy. Therefore, this allegation fails to state a claim upon which relief can be granted.

**B. Conspiracy to violate the automatic stay**

In addition to his cause of action for stay violation, Plaintiff alleges a cause of action for conspiracy to violate the automatic stay. Plaintiff asserts, "upon information and belief," that "Cohan conspired with and advised Kohler to amend the . . . complaint [in the FDIC-R action] to allege non-dischargeable fraud claims against Plaintiff." Compl. ¶ 41. *Twombly* and *Iqbal* require a plaintiff to plead facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Plaintiff's pleading is markedly similar to the pleading the Supreme Court held deficient in *Twombly*. *See Twombly*, 550 U.S. at 551 (holding dismissal appropriate where the plaintiffs, "upon information and belief," alleged the defendants had "entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another" in violation of the Sherman Act). This Court here also finds that Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible." *Id.* at 570.

Furthermore, even assuming the veracity of Plaintiff's factual allegations, his cause of action for conspiracy to violate the automatic stay fails to set forth a claim upon which relief can be granted because he has not alleged conduct that violates the automatic stay. Section 362(a) lists the types of conduct stayed by a debtor's bankruptcy filing. The only category under which Plaintiff's conspiracy allegation fits is section 362(a)(6), which applies to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." "The language of [s]ection 362(a)(6) is 'very broad' . . . and is designed to prevent creditor coercion and harassment of the debtor." *In re Smith*, 185 B.R. 871, 872-73 (Bankr. M.D. Fla. 1994) (quoting *Morgan Guar. Trust Co. of N.Y. v. Am. Sav. & Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986)). Plaintiff has cited no authority, and the Court has located

no authority that suggests the conduct in which he alleges the defendants engaged falls within the purview of section 362(a)(6). The Court declines to extend the already broad scope of section 362(a)(6) to find that a violation of the automatic stay occurs when one creditor's attorney discusses with another creditor's attorney how to avoid having a debt discharged in a debtor's bankruptcy. Such conduct is simply not harassment or coercion of the debtor. A potential violation of the stay occurs when one of the attorneys takes action directed toward the debtor. The attorney who refrained from taking any further action is not liable for the acts of the attorney who took further action directed toward the debtor because generally "a party cannot be held liable for another party's violation of the automatic stay," absent the existence of some legal relationship under which liability can be imputed. *In re Davis*, 247 B.R. 690, 696 (Bankr. N.D. Ohio 1999). A sufficient legal relationship is not alleged here.

To the extent Plaintiff's conspiracy cause of action is a state law civil conspiracy claim, dismissal is appropriate for an additional reason. South Carolina choice of law rules apply to a case pending in this Court. *See Kirkland v. Sam's East, Inc.*, 411 F. Supp. 2d 639, 640-41 (D.S.C. 2005). "Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred." *Lister v. NationsBank of Del, N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997). Therefore, South Carolina law applies if Plaintiff is alleging a state law civil conspiracy claim because Plaintiff was living in South Carolina at the time he filed his bankruptcy petition, and the alleged stay violations occurred after he filed his petition. Under South Carolina law, "[b]ecause the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Pye v. Fox*, 633 S.E. 2d 505, 511 (S.C. 2006); *see also Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009) ("If a

plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed."). Plaintiff fails to allege damages in connection with his conspiracy cause of action different from those alleged with respect to his cause of action for violation of the automatic stay. Therefore, dismissal of this claim is appropriate.

## C. Attorney fees

In addition to his conspiracy and stay violation cause of action, Plaintiff pleads a cause of action for attorney fees. However, a request for attorney fees is not a cause of action but rather an indication of the relief a party seeks. Furthermore, Plaintiff, who is an attorney proceeding *pro se* in this case, is not entitled to an award of attorney fees. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (holding that a *pro se* litigant who is also a lawyer may not be awarded attorney fees under 42 U.S.C. § 1988); *In re Fitzpatrick*, 468 B.R. 391, 396 (Bankr. C.D. Calif. 2012) (denying a request by a *pro se* debtor who was also an attorney for attorney fees under section 362(k)).

## D. Request for opportunity to amend

In his response to the defendants' motions to dismiss, Plaintiff, alternatively, asks "the Court to allow him to Amend his Complaint to properly plead his causes of action."[2] However, Plaintiff provides no details regarding how he would amend his complaint and no grounds to support his request. *See* 6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1485 (3d

---

[2] This constitutes the second of two paragraphs in the section of Plaintiff's response where he applies the legal standard for motions to dismiss to the alleged facts in this case. The first paragraph reads as follows: "Plaintiff[']s Complaint (Doc. No. 1) sets forth the bare facts necessary to support his claims as required under the applicable legal authority cited above. Furthermore, discovery in this case will provide the Court with the necessary evidence to support a willful violation of the bankruptcy stay as well as a conspiracy and willful acts in violating the bankruptcy stay."

ed.) ("A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application."). Additionally, Plaintiff had an opportunity in his response and at the hearing to identify specific filings by the Cohan defendants in the FDIC-R action and Cobb County action that serve as the basis of his stay violation cause of action against them. Yet, Plaintiff failed to identify any specific filings. Consequently, the Court does not find it appropriate to allow leave to amend, as Plaintiff has presented no basis upon which to grant such leave.

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss filed by defendants Louis R. Cohan; Cohan Law Group, LLC; Andrew T. Taylor, Jr.; and Naomi A. Taylor is granted, and these defendants are dismissed from this adversary proceeding. The motion to dismiss filed by defendants Michael P. Kohler, Charles B. Lee, and Miller & Martin, PLLC is granted in part and denied in part. The motion is granted as to Plaintiff's causes of action for conspiracy and attorney fees. The motion is denied with respect to Plaintiff's cause of action for violation of the automatic stay.[3] Answers to Plaintiff's complaint are due no later than fourteen (14) days from the entry date of this Order. *See* Fed. R. Bankr. P. 7012(a).

AND IT IS SO ORDERED.

---

[3] The defendants argue that because he is an attorney, Plaintiff is not entitled to the liberal pleading standard afforded *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the Court's ruling is the same regardless of whether it treats Plaintiff's complaint as being filed by a *pro se* party or not.